UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES S. BERNAT, | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | |
| GENTEX OPTICS, | 04-40058 |
| Defendant. | APRIL 23, 2004 |

## COMPLAINT

**Nature of the Complaint**

Plaintiff, James Bernat ("Bernat"), brings this action against defendant Gentex Optics ("Gentex"). Bernat's action is for violation of the Family and Medical Leave Act, 29 U.S.C. §2601, et seq. ("FMLA").

This Complaint alleges that Gentex violated FMLA §105 (29 U.S.C. §2615) by negligently, recklessly, or intentionally interfering with Bernat's FMLA rights by preventing him from returning to work after his FMLA leave.

**Jurisdiction and Venue**

1. The Court has personal and subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331 and 29 U.S.C. §2617(a)(2), without regard to jurisdictional amount or diversity of citizenship.

2. Venue in this Court is proper under 28 U.S.C. §1391 in that defendant may be found in this district and the violations took place in this district.

**The Parties**

3. Bernat resides in Woodstock, Connecticut. Bernat has standing to bring this action under 29 U.S.C. §2617(a)(2).

4. Gentex is a for-profit corporation which does business in Dudley, Massachusetts.

**Statement of Facts**

5. Bernat was employed at Gentex for approximately seven years, the last three of which he worked as a Process Coach, supervising about 25 people.

6. Bernat had been a model employee throughout his tenure at Gentex, and had excellent written evaluations.

7. Bernat suffers from a medical condition, bi-polar disorder, which is caused, at least in part, by low levels of serotonin, a neurotransmitter which affects mood and emotion.

8. Bernat's bi-polar disorder symptoms first surfaced in 2003 following a separation from his wife. Bernat's disposition changed significantly. He became depressed and irritable under circumstances where others would not become irritable. On October 30, 2003, during a Business Unit meeting, Bernat criticized a Human Resource employee's suggestion that the employees in his department be photographed wearing Halloween costumes. Bernat believed that this was an unnecessary disturbance in his department's busy work schedule, and he expressed this belief by saying, in an abrupt and irritated tone, "We don't have time for this shit." Bernat's immediate supervisor, Business Unit #2 Manager Brett Foley ("Foley"), asked him to leave the meeting, and he did without incident.

9. The change in Bernat's disposition, as evidenced by his behavior at the October 30, 2003 meeting, was significant enough to cause Foley to recommend that Bernat seek counseling through Gentex's Employee Assistance Program. Bernat agreed. Bernat realized he had a problem he needed to address.

10. On November 4, 2003, Bernat began an approved leave under FMLA, and stayed out on leave for three weeks. During his leave, as recommended by his superiors, Bernat sought counseling and was prescribed the antidepressant Paxil to help treat his condition. (Bernat continues to attend counseling and take Paxil).

11. When he returned from his FMLA leave on November 25, 2003, he felt more stable, and began performing his job as well as he had prior to the escalation of his bi-polar disorder. He looked forward to resuming his duties and for the next three weeks he conducted his work at Gentex without incident.

12. Although Bernat attempted to return to work and to his normal routine, Gentex officials implemented a scheme to deprive him of the chance to do so.

13. Three weeks after Bernat returned to work following his FMLA leave, on December 17, 2003, at approximately 2:45 p.m., Gentex held, in its indoor break room, a Site Communication Meeting (the "Meeting") which about 40 to 50 employees attended.

14. Because he arrived a few minutes after the Meeting started, Bernat could not find a seat, so he stood in the back of the room. During the approximately 45 minute Meeting, Bernat listened quietly to the presentation concerning reorganization of the facility's workforce and spoke to nobody.

15. When the meeting ended, Bernat immediately left the break room, returned to the Quality Control ("QC") department where he worked, and went about his day.

3

16. At some point in the day on December 17, 2003, after the Meeting, Bernat took a cigarette break in one of Gentex's outdoor smoking areas. During the approximately 10 to 15 minute break, Bernat spoke with co-workers Denise Goding ("Goding") and Jeffrey Lloyd ("Lloyd"). The three talked about fishing, Bernat's boat, and "trucks" (the term for carts used at Gentex to transport material from one area of the facility to another).

17. After the conversation in the outside break area, Bernat and Goding returned to the QC unit. During the remainder of the day, Bernat did not visit any of Gentex's several indoor or outdoor break areas.

18. On or about December 19, 2003, Foley, the Business Unit #2 Manager, telephoned Bernat's co-worker Lloyd at his department and asked Lloyd to come to his office. Foley asked Lloyd if he heard Bernat "use profanity" in the outside break area after the Meeting.

19. Lloyd told Foley that he talked with Bernat in the outside break area at some point after the Meeting, and Bernat *did not* use any profanity, but that the two simply talked about fishing, Bernat's boat, and the truck carts. Although Foley did not ask Lloyd whether Bernat made any derogatory comments about Gentex in the break area, Lloyd did not hear Bernat make derogatory comments abut Gentex.

20. Bernat's coworker, Goding, like Lloyd, *did not* hear Bernat use profanity or make any derogatory remarks about Gentex.

21. On the morning of December 20, 2003, just over three weeks after returning from his FMLA leave, Bernat was setting up his department, getting ready to begin his

4

day. At approximately 7:15 a.m., Foley called Bernat and asked Bernat to come to his office.

22. Upon arriving at Foley's office, Foley told Bernat that he was being terminated effectively immediately, and handed him a Disciplinary Incident Report (the "Report"), already filled out and signed by Foley, which stated:

> On 12/17/03, following a site communication meeting, Jim was observed by employees making **several derogatory comments** about the company in a voluble manner and **with profanity** in the break area [. . . .] Effectively immediately, employment is terminated at Gentex Optics.
> (emphasis added).

23. Bernat immediately told Foley that the allegations were false, and asked Foley who the employees were who heard Bernat's comments. Foley replied, "a few people," and then corrected himself and said "two people." Bernat asked for the witnesses' names, but Foley would not tell him the names of the alleged witnesses.

24. Foley requested that Bernat sign the Report, but, because the Report was false, Bernat refused to sign it.

25. A Gentex security officer Bernat then escorted Bernat to the company parking lot. Bernat walked unescorted to his truck and returned to the entrance to drop off soda he bought for the Gentex holiday party planned for later that day. Bernat then went home and has not returned to the Gentex facility since.

26. Upon information and belief, Gentex used a false or unreliable story about Bernat's behavior because company officials were determined not to allow him to return to his job after his FMLA leave.

**Count One**

27. In violation of 29 U.S.C. §2615, by engaging in the conduct set forth in paragraphs 5 through 26 above, Gentex negligently, recklessly, or intentionally interfered with Bernat's FMLA rights by preventing him from returning to work after his FMLA leave.

WHEREFORE, Bernat claims:

1. Damages;

2. An injunction ordering Gentex to allow him to work under the terms and conditions he would have enjoyed had there been no breach of his rights under 29 U.S.C. §2615;

3. Interest;

4. Attorney's fees under 29 U.S.C. 2617(a)(3); and

5. Such other and further relief as the Court may deem just.

Date: April 23, 2004

THE PLAINTIFF: James Bernat

BY: _____
Mala M. Rafik
BBO No. 638075
Rosenfeld & Rafik, P.C.
44 School Street, Suite 410
Boston, MA  02108
(617) 723-7470

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JAMES S. BERNAT

### DEFENDANTS
GENTEX OPTICS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Worcester
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mala M. Rafik
Rosenfeld & Rafik, P.C.
44 School Street, Suite 410
Boston, MA 02108
(617) 723-7470

Attorneys (If Known)

04-40058-NMG

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- X 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI / ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | X 442 Employment | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

- X 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
The Plaintiff brings this action against defendant Gentex Optics for violation of the Family and Medical Leave act, 29 U.S.C. § 2601, et. seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  4.23.04
SIGNATURE OF ATTORNEY OF RECORD  /s/ Mala Rafik

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUN _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _____James S. Bernat v. Gentex Optics_____

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

    ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___  V.   150, 152, 153.

**04-40058**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

    _____N/A_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

    YES ☐    NO  X

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

    YES ☐    NO  X

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

    YES ☐    NO  X

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

    YES ☐    NO  X

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

    YES  X    NO ☐

    A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       EASTERN DIVISION ☐    CENTRAL DIVISION  X    WESTERN DIVISION ☐

    B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   MALA M. RAFIK
ADDRESS   ROSENFELD & RAFIK, P.C., 44 SCHOOL STREET, SUITE 410, BOSTON, MA 02108
TELEPHONE NO.   (617) 723-7470