UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES S. BERNAT,

    Plaintiff,

v.   C.A. NO: 040058-NMG

GENTEX OPTICS, INC.

    Defendant.

## GENTEX OPTICS' ANSWER AND JURY DEMAND

Gentex Optics, Inc. ("Gentex"), by and through its undersigned attorneys, for its Answer to the Complaint and Jury Demand filed by James S. Bernat ("Bernat"), hereby states the following:

**Nature of the Complaint**

Gentex states that this section of the Complaint sets forth introductory statements and legal conclusions for which no answer is required. To the extent that an answer is required, Gentex denies that it violated 29 U.S.C. § 2601, et seq. ("FMLA").

**Jurisdiction and Venue**

1. Paragraph 1 sets forth a legal conclusion to which no answer is required.

2. Paragraph 2 sets forth a legal conclusion to which no answer is required.

**The Parties**

3. Gentex is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 3, 7, 14, 16, 17 and 20 and therefore denies them.

4. Gentex admits the allegations contained in paragraphs 4, 5, 21 and 22 of the Complaint.

**Statement of Facts**

5.  Gentex denies the allegations contained in paragraphs 6, 12, 15, 26 and 27 of the Complaint.

6.  Answering the allegations contained in paragraph 8, Gentex admits that on certain occasions Bernat became irritable. Further, Gentex admits the fourth sentence set forth in paragraph 8 and that Bernat said, "We don't have time for this shit" and that Ian Webster asked Bernat to leave the meeting and meet in Brett Foley's office. Gentex denies the remaining allegations contained in paragraph 8.

7.  Answering the allegations contained in paragraph 9, Gentex admits that Foley told Bernat his conduct was unacceptable and offered the EAP Program to Bernat. Gentex denies the remaining allegations contained in paragraph 9.

8.  Gentex admits the first sentence of paragraph 10. Gentex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 and therefore denies them.

9.  Answering the allegations contained in paragraph 11, Gentex admits that Bernat returned from an FMLA leave on November 25, 2003 and denies the remaining allegations contained in paragraph 11.

10. Answering the allegations contained in paragraph 13, Gentex admits that on December 17, 2003 it held a Site Communication Meeting in the cafeteria that was attended by 35-40 people and denies the remaining allegations contained in paragraph 13.

11. Answering the allegations contained in paragraph 18, Gentex admits that on or about December 19, 2003 that Foley asked Lloyd about his conversation with Bernat immediately after the Site Communication Meeting. Lloyd denied that Bernat used profanity. Gentex denies the remaining allegations contained in paragraph 18.

12. Answering the allegations contained in paragraph 19, Gentex admits that Lloyd denied that Bernat used profanity and denies the remaining allegations contained in paragraph 19.

13. Answering the allegations contained in paragraph 23, Gentex admits that Foley told Bernat that employees had heard his use of profane language and he did not tell Bernat the employees' names. Gentex denies the remaining allegations contained in paragraph 23.

14. Gentex admits the allegation in paragraph 24 that Foley requested that Bernat sign the report, and that Bernat refused. Gentex denies the remaining allegations set forth in paragraph 24.

15. Answering the allegations contained in paragraph 25, Gentex admits that a security officer escorted Bernat to his vehicle and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 25.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Bernat has failed to state a cause of action in his Complaint for which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6).

### Second Defense

Bernat's termination was not causally connected to any exercise or attempted exercise of rights pursuant to 29 U.S.C. § 2601 *et seq.*

### Third Defense

Bernat's claims are barred as he did not oppose any practice made unlawful pursuant to 29 U.S.C. § 2615.

### Fourth Defense

Bernat, by his actions, conduct, and omissions, has waived any right to recovery.

### Fifth Defense

Bernat, by his actions, conduct, and omissions is estopped from obtaining recovery on any of its claims.

### Sixth Defense

Bernat failed to mitigate his damages.

### Seventh Defense

Bernat's claims are barred by the applicable statute of limitations.

### Eighth Defense

Any actions or omissions of Gentex were in good faith and Gentex had reasonable grounds for believing that its acts or omissions were not a violation of 29 U.S.C. § 2615.

### DEMAND FOR JURY TRIAL

Gentex demands a trial by jury on all issues so triable.

WHEREFORE, Gentex prays that the Complaint be dismissed with prejudice and that Gentex have such other and further relief as the Court deems just and equitable.

Dated: July 8, 2004.

                                                Defendant Gentex Optics, Inc.
By its attorneys,

*/s/ Lawrence J. Casey*

Lawrence J. Casey, BBO# 555766
Daniel P. McCarthy, BBO# 651559
Perkins, Smith & Cohen, LLP
One Beacon Street, 30th Floor
Boston, MA  02108
(617) 854-4000

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 7-8-04

*/s/ Lawrence J. Casey*