UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

```
_____
                          )
JAMES S. BERNAT,          )
                          )
        Plaintiff,        )
v.                        )   C.A. NO: 4:04-cv-40058-FDS
                          )
GENTEX OPTICS, INC.,      )
                          )
        Defendant.        )
_____ )
```

### GENTEX OPTICS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEALDINE AND TO SERVE MORE THAN 25 INTERROGATORIES AND REQUEST FOR A HEARING

Defendant, Gentex Optics, Inc. ("Gentex") hereby opposes Plaintiff's Motion to Extend the Discovery Deadline and to Serve More than 25 Interrogatories. In support if its Opposition, Gentex states that the Plaintiff's Motion does not set forth good cause for the allowance of the Motion, but rather establishes the Plaintiff's failure to diligently prepare his case resulting in the present motions to be filed one day before the discovery deadline and one and one-half months after the deadline to serve interrogatories. As described more fully below, this motion is merely the result of the Plaintiff's waiting until the last minute to conduct additional discovery despite Gentex's timely initial disclosures and responses to Plaintiff's initial discovery requests. The Plaintiff should not be able to rely on its own delay in seeking an extension.

### Background

This case was filed by the Plaintiff on April 26, 2004 against its former employer asserting one count for retaliation in violation of the Family Medical Leave Act. Gentex was served on May 19, 2004. The parties exchanged initial disclosures in early August and Gentex served its First Request for Production of Documents upon the Plaintiff on August 6, 2004.

Attached hereto as Exhibit A is a true and correct copy of Gentex's Initial Disclosures. Indeed, Gentex's initial disclosures specifically listed the witnesses the Plaintiff now seeks to depose. Thereafter, the Plaintiff requested, and Gentex granted, a one-month extension for which to respond to Gentex's First Request for Production of Documents. Notwithstanding this extension, Gentex responded on October 4, 2004, by producing only six documents and indicating that additional documents would follow. Attached hereto as Exhibit B is a letter from Ian Smith to Daniel McCarthy dated October 4, 2004. It was not until October 26, 2004, that the Plaintiff produced responsive documents, essentially granting himself an additional one-month extension.

Counsel for the parties appeared before the Court on October 12, 2004 for a scheduling conference. The Scheduling Order entered by the Court was requested by the parties in all dates pertinent to the Plaintiff's Motion, and provides that interrogatories and requests for production of documents must be *served* by November 15, 2004, and that all depositions, other than expert depositions, must be *completed* by December 31, 2004. (emphasis added). At the conference the Court made it abundantly clear that any request to extend the discovery deadlines would only be granted for good cause, and indicated that waiting to the last-minute to conduct discovery <u>was not</u> good cause.

Notwithstanding this, the Plaintiff waited over a month and until the last day available (November 15, 2004) to serve his First Set of Interrogatories and First Request for Production of Documents. Pursuant to the Federal Rules of Civil Procedure Gentex's responses to the written discovery were due on December 20, 2004,[1] just ten days prior to the deadline to complete

---

[1] The Plaintiff incorrectly asserts in his Motion that Gentex's Responses would be due on December 15, 2004. The response date is extended by three days to December 18, 2004 pursuant to Fed. R. Civ. P. 6(e) as the discovery was served by mail, and extended an additional two days to December 20, 2004 pursuant to Fed. R. Civ. P. 6(a) as December 18th falls on a Saturday.

depositions. The Plaintiff was aware of the schedule and response dates and could have served its discovery earlier if he felt it necessary.

Gentex noticed the deposition of the Plaintiff for December 7, 2004. The Plaintiff indicated that he was not available on that date and proposed the weeks of December 20th or 27th as alternative dates. Attached hereto as Exhibit C is a letter from Ian Smith to Daniel McCarthy dated November 30, 2004. In response, Gentex agreed to re-schedule the Plaintiff's deposition "as early in December as available" provided that its discovery responses would not be due until the day after the Plaintiff's deposition. Attached hereto as Exhibit D is a letter from Daniel McCarthy to Ian Smith dated December 1, 2004. Exhibit D expressly provides that Gentex is not inclined to extend the discovery deadline, putting the Plaintiff on ample notice to complete its intended discovery within the one month remaining under the Court's Scheduling Order. The Plaintiff chose not to do so. The Plaintiff's deposition went forward on December 20, 2004, and Gentex timely served its Answers to the Plaintiff's First Set of Interrogatories and Responses to Plaintiff's First Request for Production of Documents, together with responsive documents, on December 21, 2004. As noted in footnote 1 above, this was a mere one day delay which was occasioned completely by the Plaintiff's own doing - by waiting to the last minute to serve written discovery and failing to produce the Plaintiff for depositions in early December as requested by Gentex.

### Argument

Fed. R. Civ. P. 16(b) requires that the district court enter a scheduling order within 120 days of service of the complaint. The scheduling order sets the deadlines for subsequent proceedings in the litigation, including discovery deadline. *See* Fed. R. Civ. P. 16(b)(2). The Court may extend a scheduling order deadline only upon a showing "of good cause if the

[deadline] cannot reasonably be met *despite the diligence of the party seeking the extension*." Advisory Committee Notes to the 1983 Amendments to Fed. R. Civ. P. 16(b).

The Plaintiff seeks to extend the discovery deadline so that it can depose three additional individuals and serve additional interrogatories in excess of the limits allowed by the Local Rules. The Plaintiff argues in his Motion that Gentex did not reveal the identity of Amy Powers who witnessed the Plaintiff's <u>latest</u> episodic outburst until service of its written discovery responses on December 21, 2004. Putting aside that this still afforded the Plaintiff with one week to notice Ms. Powers' deposition, this assertion is patently false. Amy Powers was identified in Gentex's initial disclosures served on <u>August 6, 2004</u> - over four months prior to the deposition deadline. The disclosures expressly provide that she possesses knowledge regarding the Plaintiff's conduct all of which occurred prior to the Plaintiff's termination and the filing of this action. *See* Exhibit A. Further, the supervisors the Plaintiff now seeks to depose (Brett Foley and Ian Webster) were likewise identified in Gentex's initial disclosures. Importantly, the Plaintiff does not even attempt to explain his failure to depose Mr. Foley and Ian Webster prior to the discovery deadline. Tellingly, Mr. Foley was the Plaintiff's supervisor and the individual who fired the Plaintiff, and Mr. Webster was a human resources representative at the time of the Plaintiff's termination. It can hardly be said that the Plaintiff was unaware that these individuals would be a material witness in this matter prior to the deposition deadline.

Moreover, the Plaintiff has not demonstrated the need to serve additional interrogatories in excess of the limit provided by the local rules. The deadline to serve interrogatories pursuant to the Scheduling Order passed on November 15, 2004. This is not a complex case. The Complaint asserts one count for retaliation. The Plaintiff has already propounded eighteen

4

interrogatories which Gentex has answered. The Plaintiff is clearly on a fishing expedition to find evidence of retaliation which simply does not exist.

Indeed, nowhere in its Motion does the Plaintiff allege (nor could it) that Gentex has caused any delay or been non-responsive to the discovery propounded in this case.  Nor does Gentex allege that the delay was caused by the Courts or any other influence not of its own making.  The Plaintiff should not be allowed to wait until the last minute to conduct discovery and then implore opposing counsel and the Court for more time because of his dilatory efforts. Moreover, the Plaintiff does not set forth the need for such additional written discovery, but rather is seeking information that he was aware of well prior to the expiration of the discovery deadlines - the dates requested by the parties and ordered by this Court.[2]

For the foregoing reasons, Gentex respectfully requests this Court deny the Plaintiff's Motion to Extend Discovery Deadline and to Serve More than 25 Interrogatories.

        Respectfully Submitted,

        Defendant, Gentex Optics, Inc.

        By its attorneys,

         /s/  Daniel P. McCarthy
        Lawrence J. Casey, BBO# 555766
        Daniel P. McCarthy, BBO# 651559
        Perkins, Smith & Cohen, LLP
        One Beacon Street, 30th Floor
        Boston, MA  02108
        (617) 854-4000

Dated: January 3, 2005

---

[2] The Plaintiff's Motion does not include the matters required by Local Rule 37.1(B) and may be denied on that basis.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on January 3, 2005.

/s/ Daniel P. McCarthy

**REQUEST FOR ORAL ARGUMENT**

The undersigned hereby requests Oral Argument in support of its Opposition of the Plaintiff's Motion as it may assist the Court in rendering its decision.

/s/ Daniel P. McCarthy