UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
JAMES S. BERNAT,            )
                            )
           PLAINTIFF,       )
v.                          )         C.A. NO. 04-0058-FDS
                            )
GENTEX OPTICS, INC.,        )
                            )
           Defendant.       )
_____)

**PLAINTIFF JAMES S. BERNAT'S BRIEF IN REPLY TO GENTEX OPTICS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE AND TO SERVE MORE THAN 25 INTERROGATORIES AND REQUEST FOR A HEARING**

As he demonstrated in his December 30, 2004 First Motion to Extend Discovery Deadline and Serve More Than 25 Interrogatories (Bernat's "Motion"), Bernat has "good cause" for the brief extension of time he seeks and the limited discovery he intends to conduct. As Bernat further illustrates in this Reply Brief, the discovery deadline extension Bernat now seeks (his first) is not only justifiable but is limited to two interrogatories and three requests for production of documents (already served upon Gentex) and between one and three relatively brief depositions. Gentex, in its January 3, 2005 Opposition to Plaintiff's Motion to Extend Discovery Dealdine [sic] and to Serve More Than 25 Interrogatories and Request for a Hearing (Gentex's "Opposition"), is trying desperately to block Bernat's attempts at getting to the truth. Bernat respectfully requests that the Court allow him to continue to uncover the relatively few remaining facts surrounding his wrongful termination from Gentex.

**Bernat has made a showing of good cause to request additional time**

In its Opposition, Gentex attempts to depict Bernat as someone who has procrastinated and mismanaged his case, and is now scrambling for additional time to conduct discovery.[1] But really, Bernat has been pursuing his case diligently and conducting discovery strategically. Prior to the December 31, 2004 deadline, he served 18 interrogatories and seven document requests, and conducted two depositions. While there have been delays in the discovery process, they were excusable and reasonable in duration (discussed fully below), such as a request for an extra 30 days to supply documents in the hands of Bernat's therapist. Generally, these requests were received well by counsel for Gentex.[2]

Now, Gentex creatively reworks the facts surrounding the discovery both sides have conducted thus far in hopes of convincing the Court that Bernat has stalled unreasonably in the prosecution of his case. It claims that the undersigned "*fail[ed] to produce* the Plaintiff for depositions in early December as requested by Gentex" (emphasis added), when this *eight business day* delay was simply an excusable postponement caused by both the work schedules of the undersigned and Bernat, who had recently begun a new job working the "third shift" from approximately 10 p.m. to 6 a.m.

---

[1] Further evidence of Gentex's inappropriate zeal in attempting to convince the Court of the undersigned's lack of organization in representing his client can be seen in its claim that "Plaintiff's Motion does not include the matters required by Local Rule 37.1(B) and may be denied on that basis." Based upon the undersigned's familiarity with Connecticut's substantially identical Local Rule concerning discovery disputes, as well as consultation with colleagues who are admitted to practice in Massachusetts, Local Rule 37.1(b) does not apply to motions for extension of time to which opposing counsel has clearly stated its opposition, which Mr. McCarthy did in a telephone call to the undersigned on December 28, 2004.

[2] Just as the undersigned did not accuse opposing counsel of being "dilatory" in its refusal to supply Bernat with 59 pages of medical records in Gentex's possession until he signs a HIPAA authorization form which was not provided to the undersigned until December 21, 2004, despite Gentex's having had "ample" occasion to request from Bernat a signed form for the five weeks that it was in possession of the document production requests.

five to six days per week.³ And while Gentex did supply Bernat in its 26(a) disclosures with the names of individuals he now plans to depose, it neglects to mention that Bernat has deposed one 26(a)-named individual already and tentatively noticed (then cancelled) the deposition of another. Consistent with the care he has taken throughout his case, Bernat made these decisions during the course of litigation as he learned more about Gentex's disjointed explanation for his termination, rather than blindly deposing all seven individuals named in Gentex's 26(a) disclosures.

**Plaintiff's additional interrogatories**

Although Bernat requested permission to serve more than 25 interrogatories, he stated in his Motion that "the further discovery he plans to conduct *may* result in his serving more than seven additional interrogatories." (emphasis in original). Gentex neglects to mention in its January 3, 2005 Opposition that although Bernat did, four days earlier, in his December 30, 2004, Motion ask the Court for permission to exceed the 25 interrogatory limit, the additional interrogatories Bernat provided to opposing counsel on December 31, 2004 totaled two, bringing the number served to 20. This underscores that Bernat is not, as Gentex contends, on a "fishing expedition," but has simply determined, after reviewing Gentex's responses to his first set of 18 interrogatories, that two more were necessary.⁴

---

³ Furthermore, it was Mr. McCarthy, who is now attacking the undersigned for withholding of Bernat, who informed the undersigned at Gentex's headquarters of his flexibility in scheduling Bernat's December deposition, presumably out of professional courtesy and appreciation of parties' busy holiday schedules. (*See* Gentex's Exhibit C, the November 30, 2004 letter from I. Smith to D. McCarthy).

⁴ Notably, these two additional interrogatories are written to elicit from Gentex the facts and circumstances of vague "other occasions" of Bernat's alleged inappropriate conduct as well as the identity of a witness described only as "someone (not sure who yet)" in one of Gentex's business records. Such further Interrogatories were necessary not only because this was the first time Bernat learned this information, but also because it conflicts with the sole episode Gentex cited in his termination report as the reason for Bernat's dismissal.

**Plaintiff's proposed additional depositions**

Just as Bernat's serving of two additional interrogatories was limited in its scope, so too is his request for additional depositions. Bernat is not claiming that he never knew the names Amy Powers, Bret Foley, and Ian Webster, but rather it only became evident recently that a deposition of one or more of those individuals might be necessary. That the potential deponents' identities were revealed to Bernat in Genetx's 26(a) disclosures in August does not mean that Bernat was lackadaisical for not having deposed these individuals. Rather, Bernat was waiting for information such as: 1) <u>who</u> allegedly heard him make the comments he was accused of making[5]; 2) <u>what</u> exactly was allegedly said; and 3) <u>when</u> and <u>where</u> he allegedly made these comments. This information was delayed due to the delay in Bernat's deposition, discussed above. While Gentex is correct in its contention that if Bernat had served his interrogatories earlier, he would have had this information earlier, he did make efforts to serve his interrogatories by the cutoff date of November 15, 2004, which was a month after the October 12 scheduling conference. That Bernat did not serve his interrogatories sooner is not reason to deny his Motion, and to claim it is evidence of a "failure to diligently prepare his case" is hyperbole.

And just as Gentex conveniently ignores that Bernat did not, in his December 31, 2004 Second Set of Interrogatories, actually exceed the number of interrogatories authorized by the Court,[6] it also misconstrues the number of days Bernat had to depose Ms. Powers (and others) after it received Gentex's Interrogatory responses. The "one

---

[5] Amy Powers, like Jeffrey Lloyd and Denise Goding (the latter of whom Bernat did depose), is simply identified as an individual with "discoverable information on subjects including, but not limited to, Mr. Bernat's conduct."

[6] Gentex writes in its Opposition, "The Plaintiff seeks to extend the discovery deadline so that it [sic] can [. . .] serve *additional interrogatories in excess of the limits* allowed by the Local Rules." (emphasis added).

4

week" Gentex claims Bernat had to depose Ms. Powers was, taking into account weekends and Christmas (as Bernat shows clearly in his Motion), is really four business days. Bernat is asking only for thirty additional days to depose Amy Powers and "possibly," based on what Powers reveals, Brett Foley and/or Ian Webster, Bernat's superiors.

**Conclusion**

Gentex states that the Court made it "abundantly clear" during its October 12, 2004 scheduling conference in this case that "waiting until the last-minute to conduct discovery <u>was</u> <u>not</u> good cause." (emphasis in original). Bernat agrees that the Court's intolerance of lollygagging is justified, and would not expect it to grant his request if he had neither conducted any depositions nor served any written discovery requests prior to the December 31, 2004 discovery cutoff. But this is not the case. Bernat is seeking to conduct limited discovery to further uncover the truth about accusations made against him by Gentex – accusations whose foundations have been crumbling with each new piece of information Bernat has learned. Importantly, Bernat's further discovery over the next 27 days will not interfere with the Court's April 25, 2005 dispositive motion deadline, but rather will be completed nearly three months (as opposed to four) before the deadline. Surely, this brief delay will not prejudice Gentex Optics, which will still have time to prepare a summary judgment brief for what it contends is "not a complex case." While the undersigned does not think it is necessary for the Court to conduct a hearing on this matter, he would welcome the opportunity to attend and elaborate on the discovery decisions he has made and his progress thus far.

For the foregoing reasons, Bernat respectfully requests that the Court grant his Motion.

DATED: January 4, 2005            PLAINTIFF
                                  JAMES BERNAT


                                  By  /s/ Ian O. Smith
                                      Thomas G. Moukawsher (ct08940)
                                      Ian O. Smith (ct24135)
                                      Moukawsher & Walsh, LLC
                                      21 Oak Street, Suite 206
                                      Hartford, CT  06106
                                      Tel: 860.278.7005
                                      Fax: 860.548.1740
                                      e-mail: ismith@mwlawgroup.com


**Certificate of Service**

I hereby certify that on January 4, 2005, a copy of the foregoing Plaintiff James S. Bernat's Brief in Reply to Gentex Optics, Inc.'s Opposition to Plaintiff's Motion to Extend Discovery Deadline and to Serve More Than 25 Interrogatories and Request for a Hearing was filed electronically.  Notice of his filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

| | |
|---|---|
| Lawrence J. Casey | Daniel P. McCarthy |
| Perkins, Smith & Cohen, LLP | Perkins, Smith & Cohen, LLP |
| One Beacon Street, 30th Floor | One Beacon Street |
| Boston, MA 02108 | Boston, MA 02108 |
| lcasey@pscboston.com | dmccarthy@pscboston.com |


                                  By  /s/ Ian O. Smith
                                      Thomas G. Moukawsher (ct08940)
                                      Ian O. Smith (ct24135)
                                      Moukawsher & Walsh, LLC
                                      21 Oak Street, Suite 206
                                      Hartford, CT  06106
                                      Tel: 860.278.7005
                                      Fax: 860.548.1740
                                      e-mail: ismith@mwlawgroup.com