UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES S. BERNAT,<br>        Plaintiff,<br>vs.<br><br>GENTEX OPTICS, INC.<br>        Defendant. | CIVIL ACTION<br>NO. 04-40058-FDS |

<u>ORDER</u>
May 24, 2005

SWARTWOOD, C.M.J.

<u>Nature of the Proceeding</u>

By Orders of Reference dated February 8, 2005 and May 3, 2005, this case was referred to me for rulings on Plaintiff's First Motion For Extension of Time To 01/30/2005 To Complete Discovery And Serve More Than 25 Interrogatories (Docket No. 12) and the Parties' Joint Motion to Extend Scheduling Order (Docket No. 16).

<u>Nature of the Case</u>

Plaintiff, James Bernat ("Plaintiff" or "Mr. Bernat"), alleges that his former employer, Gentex Optics, Inc. ("Defendant"), violated Plaintiff's rights under the Family Medical Leave Act ("FMLA") by wrongfully terminating him within a month of his taking FMLA leave.

## Facts

1. Plaintiff returned to work from three weeks of FMLA leave on or about November 25, 2003.

2. Plaintiff was terminated by Defendant on December 20, 2003.

3. Plaintiff filed his complaint on April 26, 2004.

4. On October 13, 2004, this Court entered a Scheduling Order (Docket No. 10) which provides, in relevant part, that:

- All requests for production of documents and interrogatories must be served by 11/15/04.

- All depositions, other than expert depositions, must be completed by 12/31/04.

- All discovery, other than expert discovery, must be completed by 12/31/04.

- Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by 4/25/05.

5. On November 15, 2004, Plaintiff served Defendant with his First Set of Interrogatories and Requests for Production of Documents.

6. On November 19, 2004, Plaintiff deposed two of Defendant's employees concerning the alleged conduct that led to Plaintiff's termination.

7. Plaintiff was unable to attend his scheduled deposition on December 7, 2004, but was deposed on December 20, 2004.

8. The parties agreed that Defendant's responses to interrogatories would not be due until after Plaintiff's deposition.

9. Defendant's responses to interrogatories were received in the office of Plaintiff's attorney on December 24, 2005, when the office was closed.

10. On December 30, 2004, Plaintiff filed his First Motion For Extension Of Time To 1/30/2005 To Complete Discovery And Serve More Than 25 Interrogatories (Docket No. 12). Defendant opposes the motion.

## Discussion

Prior to Plaintiff's December 30, 2004 motion to extend discovery, he had served eighteen interrogatories and had deposed two of Defendant's employees. In addition to Plaintiff's initial motion to serve more than 25 interrogatories, he now seeks to depose two or three additional individuals, who are employees of the Defendant.

Plaintiff states that he has been diligent in prosecuting this action, and that any delays in the discovery process were excusable and reasonable. Plaintiff was unable to attend his noticed deposition in early December because of his work

schedule at a new job, but was deposed two weeks later. Based on information obtained from previous interrogatories and depositions, Plaintiff states that he needs a limited number of interrogatories (7) and depositions (3) to complete discovery. Defendant opposes the motion on the grounds that Plaintiff has failed to prepare his case diligently, and has waited until the last minute to conduct additional discovery.

I find Plaintiff's reasons more compelling and, for good cause, allow Plaintiff to serve seven (7) additional interrogatories and to depose Amy Powers, Brett Foley and Ian Webster in accordance with the following amended scheduling order:

    1. All requests for written discovery shall be served by May 31, 2005;

    2. All depositions, other than expert depositions, shall be completed by June 30, 2005;

    3. A status conference with the District Judge shall be held on July 6, 2005 at 3:30 p.m.;

    4. Plaintiff's trial experts shall be designated, and reports disclosed, by July 29, 2005. Plaintiff's experts shall be deposed by August 31, 2005;

    5. Defendant's trial experts shall be designated, and reports disclosed, by August 31, 2005. Defendant's trial experts

shall be deposed by September 30, 2005; and

6. All dispositive motions shall be filed by October 28, 2005, and oppositions to such motions shall be filed by November 30, 2005.

## Conclusion

1. Plaintiff's First Motion For Extension of Time To 01/30/2005 To Complete Discovery And Serve More Than 25 Interrogatories (Docket No. 12) is <u>allowed</u> as provided in this order.

2. The Parties' Joint Motion to Extend Scheduling Order (Docket No. 16) is <u>allowed</u> as provided in this order.

/s/Charles B. Swartwood, III
CHARLES B. SWARTWOOD, III
CHIEF MAGISTRATE JUDGE

5